UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE                          )
JUANA M. DOMINQUEZ  )    CHAPTER 13
    DEBTOR                   )    CASE NO 09-41010-JBR
_____)

## ORDER ON OBJECTION TO CONFIRMATION

This matter came before the Court for hearing on the Objection of Saxon Mortgage Services, Inc. to Confirmation of the Debtor's Chapter 13 Plan. The Objection [#23] was lodged for two reasons: the plan [#6] listed the prepetition arrearage in an amount less than that reflected in the creditor's amended proof of claim and the plan incorporated additional provisions relating to the accounting for and notification of any additional charges and fees the mortgagee would be adding to its secured claim over the life of the plan. Prior to the hearing, the Debtor amended the plan [#35] to reflect the amount of the prepetition arrears to be consistent with the amended proof of claim. The additional provision are still incorporated in the amended plan.

The additional provisions contain what the mortgagee deemed accounting and notification changes not provided for in the loan documents. These additional changes, however, track the language of contemplated changes to Fed. R. Bank. P. 3001 and the addition of Rule 3002.1, which changes the Court believes will be circulated in the near future for comment. Copies of these proposed rules are attached hereto.

The mortgagee argues that it is not required to send post-petition mortgage statements or an annual notice of post-petition fees. The mortgagee, however, has

provided no evidentiary support for this argument. It has not provided a copy of the mortgage of the relevant portions of the mortgage. Moreover, without such statements and notices, the Debtor has no way of knowing whether the Chapter 13 plan payments, as well as her post-petition mortgage payments are being properly and timely applied.

Given that the mortgage has failed to sustain its burden, the Court would have overruled the Objection but the Court believes that the more appropriate course of action is sustain the objection and require the Debtor to file an amended plan in keeping with the requirements of proposed Rules 3001 and 3002.1.

*/s/ Joel B. Rosenthal*

Dated: July 13, 2009

Joel B. Rosenthal
United States Bankruptcy Judge

### Rule 3001. Proof of Claim

1                       \* \* \* \* \*

2         (c) SUPPORTING INFORMATION.

3             (1) *Claim Based on a Writing.* When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. When a claim is based on an open-end or revolving consumer credit agreement, the last account statement sent to the debtor prior to the filing of the petition shall also be filed with the proof of claim.

12             (2) *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.* In a case in which the debtor is an individual:

15                 (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

19                 (B) If a security interest is claimed in property of the debtor, the proof of claim shall include a statement of the amount necessary to cure any default as of the date of the petition.

23     (C) If a security interest is claimed in property
24 that is the debtor's principal residence and an escrow account has been
25 established in connection with the claim, the proof of claim shall be
26 accompanied by an escrow account statement prepared as of the date
27 the petition was filed and in a form consistent with applicable
28 nonbankruptcy law.
29     (D) If the holder of a claim fails to provide
30 any information required by this subdivision (c), the holder shall be
31 precluded from presenting the omitted information, in any form, as
32 evidence in any hearing or submission in any contested matter or
33 adversary proceeding in the case, unless the court determines that
34 the failure was substantially justified or is harmless. In addition to
35 or in lieu of this sanction, the court may, after notice and hearing,
36 award other appropriate relief, including reasonable expenses and
37 attorney's fees caused by the failure.
38     * * * * *

## COMMITTEE NOTE

    Subdivision (c) is amended to prescribe with greater specificity the supporting information required to accompany certain proofs of claim and, in cases in which the debtor is an individual, the consequences of failing to provide the required information.

    Existing subdivision (c) is redesignated as (c)(1). It is amended to require that a proof of claim based on an open-end or revolving consumer credit agreement (such as an agreement

underlying the issuance of a credit card) be accompanied by the last account statement sent to the debtor prior to the filing of the bankruptcy petition. This requirement applies whether the statement was sent by the entity filing the proof of claim or by a prior holder of the claim.

Subdivision (c)(2) is added to require additional information to accompany proofs of claim filed in cases in which the debtor is an individual. When the holder of a claim seeks to recover – in addition to the principal amount of a debt – interest, fees, expenses, or other charges, the proof of claim must be accompanied by a statement itemizing these additional amounts with sufficient specificity to make clear the basis for the claimed amount.

If a claim is secured by property of the debtor and the debtor defaulted on the claim prior to the filing of the petition, the proof of claim must be accompanied by a statement of the amount required to cure the prepetition default. If the claim is secured by the debtor's principal residence and an escrow account has been established in connection with the claim, the proof of claim must also be accompanied by an escrow account statement showing the account balance, and any amount owed, as of the date the petition was filed. The statement shall be prepared in a form consistent with the requirements of nonbankruptcy law. *See, e.g.,* 12 U.S.C. § 2601 *et seq.* (Real Estate Settlement Procedure Act).

Paragraph (D) of subdivision (c)(2) sets forth the sanctions that apply to, or that may be imposed by the court against, a creditor in an individual debtor case that fails to provide information required by subdivision (c).

### Rule 3002.1 Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence

1      (a) NOTICE OF PAYMENT CHANGES. In a chapter 13

2      case, if a claim secured by a security interest in the debtor's

3      principal residence is provided for under the debtor's plan pursuant

4      to § 1322(b)(5) of the Code, the holder of the claim shall file and

5    serve on the debtor, debtor's counsel, and the trustee notice of any

6    change in the payment amount, including any change that results

7    from an interest rate or escrow account adjustment, no later than 30

8    days before a payment at a new amount is due.

9    (b) FORM AND CONTENT. A notice filed and served

10   pursuant to subdivision (a) of this rule shall (1) conform

11   substantially to the form of notice under applicable nonbankruptcy

12   law and the underlying agreement that would be given if the debtor

13   were not a debtor in bankruptcy, (2) be filed as a supplement to the

14   holder's proof of claim, and (3) not be subject to Rule 3001(f).

15   (c) NOTICE OF FEES, EXPENSES, AND CHARGES. In

16   a chapter 13 case, if a claim secured by a security interest in the

17   debtor's principal residence is provided for under the debtor's plan

18   pursuant to § 1322(b)(5) of the Code, the holder of the claim shall

19   file and serve on the debtor, debtor's counsel, and the trustee a

20   notice that itemizes all fees, expenses, or charges incurred in

21   connection with the claim after the bankruptcy case was filed, and

22   that the holder asserts are recoverable against the debtor or against

23   the debtor's principal residence. The notice shall be filed as a

24   supplement to the holder's proof of claim and served no later than

25   180 days after the date when the fees, expenses, or charges are

26   incurred. The notice shall not be subject to Rule 3001(f). On

Page -4-

27 motion of the debtor or trustee filed no later than one year after

28 service of the notice, the court shall, after notice and hearing,

29 determine whether payment of the fees, expenses, or charges is

30 required by the underlying agreement and applicable

31 nonbankruptcy law to cure the default or maintain payments in

32 accordance with § 1322(b)(5) of the Code.

33 (d) NOTICE OF FINAL CURE PAYMENT. No later than

34 30 days after making final payment of any cure amount on a claim

35 secured by a security interest in the debtor's principal residence,

36 the trustee in a chapter 13 case shall file and serve upon the holder

37 of the claim, the debtor, and debtor's counsel a notice stating that

38 the amount required to cure the default has been paid in full. If the

39 debtor contends that final cure payment has been made and the

40 trustee does not timely file and serve the notice required by this

41 subdivision, the debtor may file and serve upon the holder of the

42 claim and the trustee a notice stating that the amount required to

43 cure the default has been paid in full.

44 (e) RESPONSE TO NOTICE OF FINAL CURE

45 PAYMENT. No later than 21 days after service of the notice under

46 subdivision (d) of this rule, the holder of a claim secured by a

47 security interest in the debtor's principal residence shall file and

48 serve on the debtor, debtor's counsel, and the trustee a statement

49    indicating (1) whether it agrees that the debtor has paid in full the
50    amount required to cure the default and (2) whether, consistent
51    with § 1322(b)(5) of the Code, the debtor is otherwise current on
52    all payments. If applicable, the statement shall itemize any
53    required cure or postpetition amounts that the holder contends
54    remain unpaid as of the date of the statement. The statement shall
55    be filed as a supplement to the holder's proof of claim and shall not
56    be subject to Rule 3001(f).
57      (f) MOTION AND HEARING. On motion of the debtor
58    or trustee filed no later than 21 days after service of the statement
59    under subdivision (e) of this rule, the court shall, after notice and
60    hearing, determine whether the debtor has cured the default and
61    paid all required postpetition amounts in full.
62      (g) FAILURE TO NOTIFY. If the holder of a claim
63    secured by a security interest in the debtor's principal residence
64    fails to provide any information required by subdivision (a), (c), or
65    (e) of this rule, the holder shall be precluded from presenting the
66    omitted information, in any form, as evidence in any hearing or
67    submission in any contested matter or adversary proceeding in the
68    case, unless the court determines that the failure was substantially
69    justified or is harmless. In addition to or in lieu of this sanction,
70    the court may, after notice and hearing, award other appropriate

71       relief, including reasonable expenses and attorney's fees caused by

72       the failure.

### COMMITTEE NOTE

This rule is new. It is added to aid in the implementation of § 1322(b)(5), which permits a chapter 13 debtor to cure a default and maintain payments of a home mortgage over the course of the debtor's plan.

In order to be able to fulfill the obligations of § 1322(b)(5), a debtor and the trustee must be informed of the exact amount needed to cure any prepetition arrearage, see Rule 3001(c)(2), and the amount of the postpetition payment obligations. If the latter amount changes over time, due to the adjustment of the interest rate, escrow account adjustments, or the assessment of fees, expenses, or other charges, notice of any change in payment amount needs to be conveyed to the debtor and trustee. Timely notice of these changes will permit the debtor or trustee to challenge the validity of any such charges, if necessary, and to adjust postpetition mortgage payments to cover any properly claimed adjustment. Compliance with the notice provision of the rule should also eliminate any concern on the part of the holder of the claim that informing a debtor of a change in postpetition payment obligations might violate the automatic stay.

Subdivision (a) requires the holder of a claim secured by the debtor's principal residence to notify the debtor, debtor's counsel, and the trustee of any postpetition change in the mortgage payment amount. Notice must be provided at least 30 days before the new payment amount is due.

Subdivision (b) provides the method of giving the notice of a payment change. The holder of the claim must give notice of the change in substantially the same form that would be used according to the underlying agreement and nonbankruptcy law if the debtor were not a debtor in bankruptcy. In addition to serving the debtor, debtor's counsel, and the trustee, as required by subdivision (a), the holder of the claim must also file the notice of payment change on the claims register in the case as a supplement to its proof of claim. Rule 3001(f) does not apply to this notice,

Page -7-

and therefore it will not constitute prima facie evidence of the validity and amount of the payment change.

Subdivision (c) requires an itemized notice to be given, within 180 days of incurrence, of any postpetition fees, expenses, or charges that the holder of the claim asserts is recoverable in connection with a claim secured by the debtor's principal residence. This amount might include, for example, inspection fees, late charges, or attorney's fees. Filing and service requirements for this notice are the same as for the notice required under subdivision (a).

Within a year after service of a notice under subdivision (c), the debtor or trustee may move for a court determination of whether the fees, expenses, or charges set forth in the notice are required by the underlying agreement or applicable nonbankruptcy law to cure a default or maintain payments.

Subdivision (d) requires the trustee to issue notice within 30 days after making the last payment to cure a prepetition default on a claim secured by the debtor's principal residence. If the trustee fails to file this notice within the required time, this subdivision also permits a debtor who contends that the prepetition default has been cured to file and serve the notice.

Subdivision (e) governs the response of the holder of the claim to the trustee's or debtor's notice under subdivision (d). Within 21 days after service of notice of the final cure payment, the holder of the claim must file and serve a statement indicating whether the prepetition default has been fully cured and also whether the debtor is current on all payments in accordance with § 1322(b)(5) of the Code. If the holder of the claim contends that final cure payment has not been made or that the debtor is not current on other payments required by § 1325(b)(5), the response must itemize all missed amounts the holder contends are still due.

Subdivision (f) provides the procedure for the judicial resolution of any disputes that may arise about payment of a claim secured by the debtor's principal residence. The trustee or debtor may move no later than 21 days after the service of the statement under (e) for a determination by the court of whether the prepetition default has been cured and whether all postpetition obligations have been fully paid.

Page -8-

Subdivision (g) specifies sanctions that may be imposed if the holder of a claim secured by the debtor's principal residence fails to provide any of the information required by subdivisions (a), (c), or (e).

If, after the chapter 13 debtor has completed payments under the plan and the case has been closed, the holder of a claim secured by the debtor's principal residence seeks to recover amounts that should have been but were not disclosed under this rule, the debtor may move to have the case reopened in order to seek sanctions against the holder of the claim under subdivision (g).